[Cite as *Hutton v. Ohio State Penitentiary*, 2010-Ohio-6667.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PERCY HUTTON

    Plaintiff

    v.

OHIO STATE PENITENTIARY

    Defendant

    Case No. 2010-06486-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Percy Hutton, an inmate incarcerated at defendant, Ohio State Penitentiary (OSP), filed this action alleging that his property was confiscated and destroyed by OSP personnel without any authorization. Plaintiff explained that a friend of his mailed ten greeting/birthday cards to him at OSP in July 2009 and he received notice on July 28, 2009 that seven of the ten cards were being withheld from his possession as contraband. Plaintiff maintained that the seven confiscated cards were subsequently destroyed by OSP staff without any authorization. Plaintiff requested damages in the amount of $14.00, the stated value of the seven cards that plaintiff asserted were wrongfully destroyed. Payment of the filing fee was waived.

{¶ 2} Defendant acknowledged destroying seven cards intended for plaintiff that were initially received at the OSP mailroom. Defendant admitted liability for wrongfully destroying two cards. However, in regard to the remaining five cards, defendant contended that the actions of OSP personnel were appropriate and in accordance with internal policy. Defendant maintained that plaintiff "received notice under DRC4147 (Notice of Unauthorized Item)" that the withheld cards were subject to destruction.

Defendant advised that "DRC4147 states that an inmate has 15 days to respond to the Notice or the items will be destroyed." Defendant submitted a blank copy of form DRC4147, "Notice of Withholding Printed Material." Defendant did not submit any copy of form DRC4147 that was allegedly issued to plaintiff notifying him that printed material was being withheld. Form DRC4147 notice allows the inmate three options concerning disposition of withheld material. These options include: 1) a request to have the withheld material reviewed by defendant's central office publication screening committee, 2) provide authorization and postage costs to mail the withheld material to a designated outside address, and 3) grant authorization to have the withheld material destroyed. Form DRC4147 clearly provides that if an inmate chooses option one then the form must be returned to the warden or designee within fifteen days of receipt of the notice. Also, DRC 4147 states: "Failure to exercise one of the options below will be construed as acceptance of this decision and forfeiture of the printed material." Defendant argued that proper procedure was followed in carrying out the destruction of the withheld material due to the fact that plaintiff did not respond in accordance with the options stated in form DRC4147.

{¶ 3} Plaintiff filed a response denying that he was ever issued form DRC4147 in connection with being notified that his seven cards were being withheld. Plaintiff related that he was actually issued form DRC4225 "Notice of an Unauthorized Item Received" (copy submitted) notifying him that seven cards were being withheld as contraband. According to information on the DRC4225 notice was given that the withheld cards would be withheld for a period of ten days. Form DRC4225 provides the inmate with options in regard to the disposition of the declared contraband. Plaintiff has the option to either authorize mailing and provide postage to return the withheld cards to a designated outside address or order the destruction of the declared contraband. In his complaint, plaintiff related that, "I wrote to the Mail Room Supervisor and appealed the withholding of my cards." Plaintiff provided a copy of the document he characterized as an appeal to the OSP Mailroom Supervisor in which he requested all withheld material be forwarded to him. Plaintiff maintained that by filing this appeal he complied with internal regulations regarding "Incoming Mail" being withheld. Both plaintiff and defendant submitted copies of internal regulation AR5120-9-17 that addressed procedures to follow concerning "Incoming Mail." Plaintiff noted he followed

proper procedure outlined in AR5120-9-17(H)(4) when he appealed the decision to withhold his cards. In his complaint, plaintiff specifically referenced AR5120-9-17(H)(4)(5)(6)(7)(8)[1] as evidence that he and not defendant followed proper procedure when addressing the issue concerning his cards being withheld. Plaintiff, in his response, reasserted that proper procedure was not followed when the cards were destroyed.

{¶ 4} It has been previously held that, an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358. In the instant claim, defendant failed to produce any evidence that the cards intended for plaintiff were destroyed in accordance with obtaining a forfeiture order. Consequently, defendant is liable to plaintiff for all damages claimed, $14.00.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

---

[1] AR5120-9-17(H)(4)(5)(6)(7)(8) state:

"(H) Procedures for withholding correspondence are as follows:

"(4) Decisions to withhold mail may be appealed in writing by the author to the warden or his designee within fifteen calendar days of the date of the mailing of the notification. The appeal should explain why the correspondence does not present a threat to the security and safety of the institution, its staff or inmates.

"(5) The written appeal and the correspondence will be considered by the warden or designee who shall determine whether the correspondence will be withheld or delivered to the inmate.

"(6) Any mail withheld from an inmate-addressee will be retained during the pendency of the appeal or for the time in which an appeal may be filed.

"(7) If it is determined on appeal that the correspondence does not present a threat to the safety and security of the institution, its staff or inmates, the correspondence will be immediately delivered to the inmate-addressee.

"(8) If it is determined on appeal that the correspondence presents a threat to the safety and security of the institution, its staff or inmates, or, if no appeal is taken, the mail may be returned to the author, held as evidence for criminal prosecution or a disciplinary proceeding, or destroyed."

PERCY HUTTON

    Plaintiff

    v.

OHIO STATE PENITENTIARY

    Defendant

    Case No. 2010-06486-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $14.00.  Court costs are assessed against defendant.


                                      MILES C. DURFEY
                                      Clerk


Entry cc:

Percy Hutton, #195-620             Gregory C. Trout, Chief Counsel
878 Coitsville-Hubbard Road      Department of Rehabilitation
Youngstown, Ohio  44505          and Correction
                                    770 West Broad Street
                                    Columbus, Ohio  43222

RDK/laa
10/20
Filed 11/10/10
Sent to S.C. reporter 2/11/11